# BENSON MFG. CO. v. BLEVINS POPCORN CO., INC.— 237 S. W. (2d) 6.

Middle Section.    December 8, 1950.

Petition for Certiorari denied by Supreme Court, March 9, 1951.

Raymond S. Davis, Jr., and Tucker, Murphy, Wilson & Siddens, all of Kansas City, Mo., and Hume, Howard, Davis & Boult, of Nashville, for plaintiff in error.

J. Ross Cheshire, Jr., of Nashville, for defendant in error.

HOWELL, J. This suit was brought by the Blevins Popcorn Company, a Tennessee corporation, against the Viking Popcorn Machines, Inc., a California corporation and the Benson Manufacturing Company, a Missouri corporation, and an attachment was levied upon five Viking DeLuxe popcorn machines and detached parts thereof which had been shipped into Tennessee by Viking through the defendant Benson. The declaration alleged that the defendant Viking had sold to plaintiff certain popcorn machines, known as ''Viking DeLuxe'', and the parts therefor, for distribution in the territory in which plaintiff did business and represented these machines to be free from defects and guaranteed that they would operate efficiently and without trouble and agreed to replace any machines or parts that might be or became defective. The declaration further alleged that the Viking Company procured the defendant Benson to manufacture the frame or cabinets for these machines and the defendant Benson guaranteed the parts of the machines manufactured by it for Viking. The declaration then alleges that machines bought by plaintiff were defective and plaintiff called upon Viking to make good upon the guarantees and that Viking

failed to do so and plaintiff had been damaged in the sum of $2,887.50 for which it sued.

No defense was made by the defendant Viking, and a default judgment was entered against it.

The defendant Benson filed five pleas, three of not guilty, the fourth pleaded Section 7831, Subd. (2) of the Code that it had not agreed in writing to answer for the debt, default or miscarriage of its codefendant Viking and the fifth plea was that the popcorn machines attached belonged to Benson and not to Viking.

The case was tried by the Circuit Judge and a jury upon the pleadings, the evidence and the pro confesso against Viking and the only question submitted to the jury was which of the defendants owned the machines. The jury rendered a verdict that the machines in question belonged to Viking and a judgment was entered by the Court against Viking for $2,475 and the suit dismissed as to Benson. The popcorn machines which had been attached were ordered sold to satisfy the judgment against Viking. Although the suit was dismissed as to it the defendant Benson has properly perfected an appeal in error to this Court and has assigned errors.

The only material question before this Court is whether or not the verdict of the jury and holding of the trial Court that the popcorn machines involved were the property of Viking is supported by the evidence and the law.

After a careful and full consideration of the entire record and exhibits we are of the opinion that the plaintiff has established by material, substantial and competent evidence the following facts:

Plaintiff entered into an oral agreement with the defendant Viking to sell popcorn machines and parts for them in the territory in which it did business and that

Viking guaranteed the efficiency of the machines and Benson guaranteed its work on them, that they did not make good this guarantee and plaintiff suffered losses as alleged in the declaration, that these Viking machines were assembled and shipped by Benson for Viking, Benson having nothing to do with their sale and distribution, that Benson built the cabinet and installed the unit in it for Viking, that Viking sold the machines and had them shipped to its customers by Benson, that Viking was a California corporation with offices in Los Angeles and Benson was located at Kansas City, Missouri, that Benson had no right to sell these machines and in fact was forbidden to sell them, all sales being made by Viking, that Benson shipped the machines involved in this case and was advised by Viking the amount Blevins was to pay and draw the drafts for that amount, five machines at $495 each, that Viking was indebted to Benson in the amount of about $3,800 and Benson was expecting to collect a part of what Viking owed it by holding the proceeds of these drafts and crediting Viking therefor.

There was no evidence contradicting plaintiff's proof as to the failure of the machines to work efficiently and the damage sustained by plaintiff.

The jury found that the machines belonged to Viking and the trial Judge approved their verdict, entered a judgment for Blevins against Viking for $2,475, and ordered the machines sold to satisfy this judgment.

We find that the verdict of the jury and the judgment of the Court were amply sustained by the evidence and the law.

The first four assignments of error are based upon the insistence that the evidence does not sustain the verdict of the jury and are overruled.

It is insisted for the defendant Benson that the Court erred in failing to grant certain motions made by Benson, that the attachment be dismissed as to Benson for several reasons. We deem it sufficient to say that the attachment was not sustained as to defendant Benson and the suit was dismissed as to it, as the jury found and the Court held that the machines attached belonged to Viking.

It is insisted that the Court erred in not sustaining Benson's plea of the Statute of Frauds. No judgment was entered against Benson, the suit being dismissed as to it.

It is also insisted by Benson that the trial Judge erred in not sustaining objections to certain testimony as to the damages sustained by the plaintiff. The amount of the damages sustained by plaintiff was fixed by the trial Judge, the only question before the jury being the ownership of the machines.

We will presume that the learned trial Judge did not base his finding upon incompetent testimony. Errors in the admission or rejection of testimony are not as grave in a hearing before the trial Judges as they are when the case is before a jury. In Par. 1112, Tennessee Procedure in Law Cases, on page 426 it is said: "There is likewise a pronounced difference in the effect of the actions and mannerisms of the judge when he alone is hearing a cause and when he is presiding over a jury trial. His power and right to examine witnesses in both instances are clearly recognized. But he must proceed cautiously in that regard when a jury is present. When he himself is to determine the facts, he may put searching and leading questions to witnesses. This should not be done in the presence of a jury. Again, it is seldom that a reversible error will be committed by the court in the reception of evidence when it is illegal

and when objection has been seasonably made. This is the accepted rule based upon the theory and presumption that the court has had wide experience in considering and excluding improper evidence, and that he has such control over his faculties as to attach no weight to evidence which is forbidden by law.''

■ Counsel for all parties have filed excellent briefs and made interesting arguments. We are of the opinion, however, that a question of fact disposes of the case. There is nothing in this record to justify a holding by the Court that these machines belonged to Benson. Through its arrangement with Viking, Benson may have been justified in holding the proceeds of the sale of the machines as a credit upon the amount Viking owed it, but before any amount was paid upon the drafts which Benson was authorized by Viking to draw and collect, the Viking machines were attached by the plaintiff creditor and the drafts were not paid.

■ It is also insisted by Benson that the property attached was brought into the jurisdiction of the trial Court by trick, devise, ruse or decoy in order that it might be attached. The evidence does not support this contention.

It results that all of the assignments of error are overruled and the judgment of the Circuit Court is affirmed.

The case will be remanded to the Circuit Court of Davidson County for further proceedings.

The Benson Manufacturing Company and its surety on the appeal bond will pay the costs of the appeal.

Affirmed and remanded.

Hickerson, J., and Kizer, Sp. J., concur.